# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## THIRD DIVISION

Brian W. Rinker,                                                  Civil No. 06-2195 MJD/AJB

                Petitioner,

v.

                                         **REPORT AND RECOMMENDATION**

R.L. Morrison,

                Respondent.

         This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].  The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner commenced this action seeking an order requiring the Bureau of Prisons to immediately consider his halfway house eligibility and to allow him additional halfway house placement time. Petitioner challenges the BOP's method of determining when a prisoner should be transferred into a community corrections center (CCC), i.e. halfway house, such that an inmate's CCC or home confinement placement is limited to the last ten percent of the sentence being served, not to exceed six months.[1]  Petitioner contends that the BOP's CCC placement policy fails to take his individual needs

---

[1]  18 U.S.C. § 3624(c) states in pertinent part:

    The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community

and circumstances into account in determining the length of transitional confinement. Mr. Rinker is an

inmate at the Federal Prison Camp in Duluth, Minnesota, and is serving a 24 month sentence imposed

by United States District Court Judge James M. Rosembaum on a conviction in the District of

Minnesota. His projected release date, with good time, is January 18, 2007. He asserts that he was

told that he would be entitled to "minimal" halfway house custody time. However, respondent now

states that petitioner's halfway house placement has been reconsidered and that he is not entitled to

such placement because he has outstanding warrants and detainers out of North Logan City Justice

Court in Hyde Park, Utah. (Declaration of Ann Norenberg, ¶ 5, attachment to Government's

Response to Show Cause Order).

      The present action is one of a number of such cases commenced by prisoners who

have challenged a BOP regulation that limited an inmate's eligibility for pre-release CCC placement to

ten percent of the sentence, not to exceed six months. This policy categorically precluded certain

prisoners, including the petitioner in this matter, from receiving halfway house placement for a length of

time greater than ten percent of the sentence, though such time is less than the six month maximum

allowed under 18 U.S.C. § 3624(c). The prisoners contend that application of this policy runs contrary

to a requirement that the BOP exercise its discretion regarding placement on a case-by-case basis,

thereby making halfway house placement decisions based upon consideration of the nature and

circumstances of the inmate's offense, the history and characteristics of the prisoner, and any statement

or placement recommendation by the court that imposed the sentence. 18 U.S.C. § 3621(b).[2]

---

[2] 18 U.S.C. § 3621(b) states in pertinent part:
    The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The

The Eighth Circuit Court of Appeals recently issued its decision in <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006), therein holding that the Bureau of Prison's regulation limiting halfway house placement to no more than ten percent of a prisoner's sentence is in conflict with 18 U.S.C. § 3621(b) and is invalid.  Under the <u>Fults</u> decision the BOP may not categorically determine the amount of halfway house placement time that a prisoner will be allowed, but rather, the BOP must exercise its discretion on a case-by-case basis and must consider the particular circumstances relating to the individual prisoner.

In its response to the petition in this matter the Bureau of Prisons advises the court that it has changed is position on halfway house placement in light of the reasoning in the <u>Fults</u>, and has expressly stated that it will follow the guidelines and policy on halfway house placement that existed before 2002, a policy that permits halfway house placement without limitations that are challenged in this action.[3]   Pursuant to <u>Fults v. Sanders</u> the BOP is required to make an individualized determination

---

Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering–
    (1) the resource of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed sentence–
        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
        (B) recommending a type of penal or correctional facility as appropriate;

[3]   The BOP indicates that although its present policy does not limit halfway house placement to six months or ten percent of the sentence, whichever is less, those cases in which more than six months halfway house placement would be granted must be "highly unusual" and require extraordinary justification.

3

and cannot exercise "categorical discretion."  The Bureau of Prisons' use of a mathematical calculation in determining Mr. Rinker's halfway house placement date would not be a proper method in which to exercise its discretion, and the petitioner is therefore entitled to individualized consideration of his CCC eligibility date by the BOP.  With respect to Mr. Rinker, the BOP has already reconsidered the particular circumstances relating to the individual inmate and has determined that the petitioner is not entitled to halfway house placement because of an outstanding warrant and detainer.  The petitioner in this matter has already provided the petitioner with the placement reconsideration that was requested. The magistrate judge concludes that with respect to Mr. Rinker's petition for immediate BOP consideration of his halfway house eligibility, this § 2241 petition is moot.

Based upon the foregoing discussion, along with the petition and memorandum response, **IT IS HEREBY RECOMMENDED** that petitioner Brian Rinker's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **denied as moot**  [Docket No. 1].  The petitioner's eligibility for halfway house placement without regard to 28 C.F.R. §§ 570.20 and 570.21 has already been considered and rejected.

Dated:     June 29, 2006

  s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing

4

parties before July 15, 2006.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.